UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TANNER BRYCE JONES,<br><br>                                    Debtor. | NOT FOR PUBLICATION<br><br>Case No. 14-10143 (MG)<br><br>Chapter 7 |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REOPEN CHAPTER 7 CASE FOR PURPOSE OF FILING ADVERSARY PROCEEDING

*A P P E A R A N C E S:*

Robert H. Solomon, PC
*Attorney for Tanner Bryce Jones*
24 East Park Avenue
Long Beach, NY 11561
By:     Robert H. Solomon, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion (the "Motion," ECF Doc. # 14) of Tanner Bryce Jones (the "Debtor") seeking entry of an order reopening the above-captioned chapter 7 case pursuant to sections 350(b) and 523 of the Bankruptcy Code and Rules 4007(b), 5010 and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to determine the dischargeability of the federal student loans, and prosecute an adversary proceeding as against the United States Department of Education (the "Department of Education") together with such other, further and different reliefs as this Court deems just, proper and equitable. On February 5, 2025, the Court held a hearing on the Motion.

For the reasons discussed below, the Motion is **GRANTED.**

I.  **BACKGROUND**

On January 23, 2014, the Debtor filed a voluntary chapter 7 petition for relief. (Motion ¶ 2.) On April 29, 2014, the Debtor received his discharge. (*Id.*)

On November 27, 2024, the Debtor filed the Motion to reopen the case for purposes of determining the dischargeability of federal student loans under Bankruptcy Code section 523 by commencing and prosecuting an adversary proceeding against the Department of Education. (*Id.* ¶ 1.)

The Debtor indicates he has federal student loan debt (collectively, the "Federal Student Loans") as follows:

| Department of Education | $89,457.47 |
|---|---|
| Sallie Mae | $49,878.14 |
| Student Loan Corporation | $35,830.00 |

(*Id.* ¶ 3.)

The Debtor did not attempt to litigate the dischargeability of the Federal Student Loans during the course of his chapter 7 case because he claimed the likelihood of success was low under the applicable legal standard of "hardship" set forth in *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987) and *Long v. Educ. Credit Mgmt. Corp. (In re Long)*, 322 F.3d 549 (2d Cir. 2003) (setting forth the "Brunner Test"). (*Id.* ¶ 4.)

The Debtor notes the Department of Education and the Department of Justice issued new guidelines establishing criteria for the settlement of dischargeability actions (the "2022 Guidelines") under the *Brunner Test* on November 17, 2022. (*Id.* ¶ 5.) The Debtor now believes that he has a reasonable likelihood of success in obtaining a full or partial discharge of the Federal Student Loans under the 2022 Guidelines. (*Id.* ¶ 6.) The Debtor argues

2

that purpose constitutes good and sufficient "cause" to reopen the case under section 350(b). (*Id.* ¶ 7.)

The 2022 Guidelines—*Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation* released by the Department of Justice and the Department of Education on November 17, 2022—provides that "in accordance with existing case law and Education policy, the Guidance advises Department attorneys to stipulate to the facts demonstrating that a debt would impose an undue hardship and recommend to the court that a debtor's student loan be discharged if three conditions are satisfied: (1) the debtor presently lacks an ability to repay the loan; (2) the debtor's inability to pay the loan is likely to persist in the future; and (3) the debtor has acted in good faith in the past in attempting to repay the loan." U.S. Dep't of Just., *Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation*, at 1, https://www.justice.gov/usdoj-media/civil/media/1260376/dl?inline (last visited Feb. 6, 2025). The Debtor believes that under the 2022 Guidelines he qualifies for discharge or adjustment of his student loan balance, and he intends to seek that relief in commencing an adversary proceeding against the Department of Education. Whether he qualifies to such relief remains to be seen, but this Motion shows that such relief is possible.

## II.   LEGAL STANDARD

"[A] party seeking relief from an order closing a Chapter 7 case may do so pursuant to Bankruptcy Rules 5010 and 9024, which implement Rule 60 . . . of the Federal Rules of Civil Procedure." *In re Velez*, 604 B.R. 438, 441 (Bankr. S.D.N.Y. 2019). Specifically, Bankruptcy Rule 5010 provides:

> A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the

3

>interest of creditors and the debtor or to insure efficient administration of the case.

FED. R. BANKR. P. 5010.

Pursuant to section 350(b) of the Bankruptcy Code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *see also* FED. R. BANKR. P. 5010 ("A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code."). "Cause" is not defined in the Bankruptcy Code, *see, e.g.*, *In re Mortensen*, 444 B.R. 225, 227 (Bankr. E.D.N.Y. 2011) and reopening a bankruptcy case under section 350(b) of the Bankruptcy Code "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent on the facts and circumstances of the case." *Katz v. L.A. Alliance Corp. (In re I. Appel Corp.)*, 104 Fed. App'x 199, 200 (2d Cir. 2004) (citation and internal quotation marks omitted).

The burden is on the movant to demonstrate "cause" to reopen the bankruptcy case. *In re Kim*, 566 B.R. 9, 12 (Bankr. S.D.N.Y. 2017). Ultimately, the determination whether a case should be reopened for "other cause" is committed to the "broad discretion" of the bankruptcy court. *Batsone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997). In exercising this discretion, the court may consider numerous factors including equitable concerns. *In re Mortensen*, 444 B.R. at 227 (citation omitted) (granting motion to reopen Chapter 7 case). Factors identified for consideration (the "*Easley* Factors") include:

> (1) the length of time that the case was closed; (2) whether a nonbankruptcy forum has jurisdiction to determine the issue which is the basis for reopening the case; (3) whether in prior litigation the bankruptcy court determined that a state court would be the appropriate forum; (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen; (5) the extent of the benefit to the debtor by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming by granting the motion to reopen.

4

*In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y. 2013) (internal citation omitted).

When weighing these factors, a court should emphasize substance over technical considerations. *See In re Atari, Inc.*, No. 13-10176 (JLG) 2016 WL 1618346, at *4 (Bankr. S.D.N.Y. Apr. 20, 2016) (citing *In re Emmerling*, 223 B.R. at 864).

To discharge student loan under section 523(a)(8) of the Bankruptcy Code, the district court adopted a standard for "undue hardship" requiring a three-part showing: (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans. The first part of this test has been applied frequently as the minimum necessary to establish "undue hardship." *Brunner*, 831 F.2d at 396 (citing *Bryant v. Pennsylvania Higher Educ. Assistance Agency (In re Bryant)*, 72 B.R. 913, 915 (Bankr. E.D. Pa. 1987); *North Dakota State Bd. of Higher Educ. v. Frech (In re Frech)*, 62 B.R. 235 (Bankr. D. Minn. 1986); *Marion v. Pennsylvania Higher Educ. Assistance Agency (In re Marion)*, 61 B.R. 815 (Bankr. W.D. Pa. 1986).

### III.    DISCUSSION

Most *Easley* Factors weigh in favor of reopening the case.

**A.  The Length of Time That the Case Was Closed**

Although "the doctrine of laches may be a basis to deny a motion to reopen," *In re Stein*, 394 B.R. 13, 16 (Bankr. E.D.N.Y. 2008), nothing in the Bankruptcy Code or Federal Rules of Bankruptcy Procedure proscribes the time within which a motion to reopen a closed case must be made. *In re Atari, Inc.*, 2016 WL 1618346, at *5. However, courts have recognized that, "[a]s

5

the time between closing of a bankruptcy case and its reopening increases, so must the cause for reopening increase in weight." *Id.* (quoting *In re Lowery*, 398 B.R. 512, 515 (Bankr. E.D.N.Y. 2008)).

Here, the Debtor's case was closed on April 29, 2014, more than ten years before the Motion to reopen was filed on November 27, 2024. Courts have reopened bankruptcy cases that were closed for long periods. *See, e.g.*, *In re Arana*, 456 B.R. 161, 165 (Bankr. E.D.N.Y. 2011) (finding cause to reopen where case had been closed for approximately five years); *In re Stein*, 394 B.R. at 16 (finding cause to reopen case that had been closed for over eight years). Courts also emphasize substance over technical considerations when weighing these factors. *See In re Atari, Inc.*, 2016 WL 1618346, at *4 (citing *In re Emmerling*, 223 B.R. at 864). The Debtor's argument for reopening—the 2022 Guidelines—did not exist at the time of the Debtor's original bankruptcy discharge. Notably, there are only two years between the issuance of the 2022 Guidelines and the Motion to reopen, suggesting that the Debtor acted within a reasonable timeframe.

Even if the Debtor did delay filing this Motion, there is no reason to believe any prejudice would ensue. *See In re Emmerling*, 223 B.R. at 865 (stating that "in the absence of some meaningful prejudice, a court of equity would abuse its discretion by barring the reopening of a case."). Further, "the mere lapse of time [between closing of a case and its reopening] does not constitute prejudice." *In re Stein*, 394 B.R at 16. Therefore, the length of time is not a bar to reopening.

### B. Whether a Nonbankruptcy Forum Has Jurisdiction to Determine the Issue Which Is the Basis for Reopening the Case

Bankruptcy courts "plainly ha[ve] jurisdiction to interpret and enforce [their] own prior orders." *In re Atari, Inc.*, 2016 WL 1618346, at *6 (quoting *Travelers Indem. Co. v. Bailey*, 557

6

U.S. 137, 151 (2009)). Courts have also held that the bankruptcy court that issued the order is "undoubtedly the best qualified" to interpret and enforce it. *Id.* (quoting *Texaco Inc. v. Sanders (In re Texaco Inc.)*, 182 B.R. 937, 947 (Bankr. S.D.N.Y. 1995)).

Here, the Court granted the discharge in this case and, therefore, remains the exclusive forum to rule on the Motion of reopening. Therefore, this factor weighs in favor of reopening.

### C. Whether in Prior Litigation the Bankruptcy Court Determined That a State Court Would Be the Appropriate Forum

This factor is inapplicable here because there is no indication of prior litigation in which the Court determined that a state court should adjudicate the Debtor's student loan dischargeability. The Debtor did not previously attempt to litigate this issue, and no prior ruling directed this matter to a nonbankruptcy forum. Therefore, this factor is irrelevant.

### D. Whether Any Parties Would Suffer Prejudice Should the Court Grant or Deny the Motion to Reopen

While the Department of Education in the intended adversary proceeding may consider itself "disadvantaged" if the case were to be reopened because it would be required to defend the student loan discharge claim on the merits, "that is not the same as legal prejudice." *In re Dicks*, 579 B.R. 704 (Bankr. E.D.N.Y. 2017) (quoting *In re Arana*, 456 B.R. at 177) (citations omitted). Therefore, this factor is neutral.

### E. The Extent of the Benefit to the Debtor by Reopening

The benefit to the Debtor by reopening the case is significant. The Debtor indicates he has $175,165.61 in the Federal Student Loans including $89,457.47 owed to the Department of Education, $49,878.14 owed to Sallie Mae, and $35,830.00 owed to Student Loan Corporation. It is uncertain whether reopening the case would have any effect on the Sallie Mae and Student Loan Corporation debts, as the basis of reopening policy is tied to the 2022 Guidelines issued by

the Department of Justice and the Department of Education. However, whether the $89,457.47 federal loan owed to the Department of Education can be discharged under the 2022 Guidelines is likely the central issue for the adversary proceeding. If the case is not reopened, and the adversary proceeding is not filed, the Debtor will not be able to discharge his student loan. Therefore, this factor weighs in favor of reopening.

### F. Whether It Is Clear at the Outset That No Relief Would Be Forthcoming by Granting the Motion to Reopen

Courts regularly decline to reopen cases where "there is no merit to the ultimate relief being requested." *In re Atari, Inc.*, 2016 WL 1618346, at *11 (citation omitted). Here, at the outset, there is no indication that the Debtor lacks a legal basis to seek discharge of his student loans. As such, reopening the case would not be futile, and this factor weighs in favor of reopening.

Under 11 U.S.C. § 523(a)(8), student loan debt may only be discharged if repayment would impose an undue hardship on the debtor. Courts in the Second Circuit apply the *Brunner Test*: "(1) When the debtor cannot maintain a minimal standard of living if required to repay the student loan; (2) When the debtor's financial situation is likely to persist for a significant portion of the repayment period; and (3) When the debtor has made good faith efforts to repay the loan." *Brunner*, 831 F.2d at 396.

The 2022 Guidelines issued by the Department of Justice and the Department of Education do not alter the *Brunner Test* but instruct Department attorneys to stipulate to certain facts and recommend discharge to the bankruptcy court if the following three conditions are met: "(1) The debtor presently lacks the ability to repay the loan; (2) The debtor's inability to pay is likely to persist in the future; and (3) The debtor has acted in good faith in attempting to repay the loan." *Guidance for Department Attorneys*, *supra*, at 1.

8

While the 2022 Guidelines are not binding on bankruptcy courts, it may affect the Department of Education's position in litigation. If the Department of Education does not oppose the Debtor's claim and stipulates to key facts, the Court may find grounds to grant a discharge, subject to its independent assessment of the relevant legal standards. Courts have historically granted discharges in cases where the government has conceded that a debtor meets the *Brunner Test*. Moreover, *In re Kumm*, No. 23-22866-GMH, 2024 WL 3929523, at *5 (Bankr. E.D. Wis. Aug. 23, 2024), the court recognized "the Government's apparent insistence that the main case be reopened before it will undertake the process of evaluating the debtor's dischargeability claim under the Department of Justice's *Guidance for Department Attorneys Regarding Student Loan Bankruptcy Litigation* effectively creates cause to reopen—not because reopening is necessary for the court to afford the relief the debtor requests but to avoid delaying the Government's assessment of whether to "stipulate to facts relevant to undue hardship and recommend to the bankruptcy court that a finding of undue hardship is appropriate." *Id*. (citing U.S. Dep't of Just.*, Departmental Guidance Regarding Student Loan Bankruptcy Litigation*, at 16, https://www.justice.gov/opa/pr/justice-department-and-department-education-announce-fairer-and-more-accessible-bankruptcy (last visited Aug. 23, 2024).)

Further, this case is distinguishable from cases where courts have denied a motion to reopen due to legal impossibility. *See In re Wilson*, 492 B.R. 691, 696 (Bankr. S.D.N.Y. 2013) (denying a debtor's motion to reopen where the debtor had no viable claim against a mortgage lender because the automatic stay had expired, and the discharge injunction did not bar foreclosure). Here, no such legal barrier exists, and there is no indication that the Debtor has no chance of discharging his student loans.

Accordingly, this factor weighs in favor of reopening.

### IV.  CONCLUSION

Since most *Easley* Factors weigh in favor of reopening, the Motion is **GRANTED**. The case is reopened so that the Debtor can file a new adversary proceeding within 30 days from the date of this Opinion.

**IT IS SO ORDERED.**

Dated:  February 6, 2025
    New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge